**Ardell Joshua SHAW, Petitioner–Appellant,**

v.

**Kenneth QUINN, Respondent–Appellee.**

No. 07–35463.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted May 6, 2008.

Filed May 12, 2008.

Ardell Joshua Shaw, Steilacoom, WA, pro se.

John J. Samson, Esq., Office of the Washington Attorney General, Olympia, WA, for Respondent–Appellee.

* The Honorable Otis D. Wright II, U.S. District Judge for the Central District of California, sitting by designation.

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

Before: GRABER and RAWLINSON, Circuit Judges, and WRIGHT,* District Judge.

MEMORANDUM **

Appellant Ardell Joshua Shaw (Shaw) was convicted in two separate state trials for the possession of a controlled substance with the intent to manufacture or deliver. In 1997, Michael Hoover (Hoover), a state forensic scientist, tested the controlled substances and, in both trials, testified that the substances contained cocaine.

After Shaw was convicted, Hoover admitted stealing and using heroin from the state crime lab, and pled guilty to tampering with physical evidence. Shaw challenges the district court's denial of his habeas petition based on the prosecution's failure to disclose Hoover's criminal activity as impeachment evidence pursuant to *Brady v. Maryland,* 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963).

Assuming, without deciding, that the Washington state court's analysis was deficient under the Antiterrorism and Effective Death Penalty Act of 1996, we conduct a *de novo* review. *See Barker v. Fleming,* 423 F.3d 1085, 1095 (9th Cir.2005). In view of the extensive testimony in Shaw's trials that the substances at issue were cocaine,[1] we conclude that the undisclosed evidence was not material, as there was

---

1. Under Washington law, expert analysis is not dispositive, as "[c]ircumstantial evidence and lay testimony may be sufficient to establish the identity of a drug in a criminal case." *State v. Hernandez,* 85 Wash.App. 672, 935 P.2d 623, 625 (1997), *as amended* (citations omitted).

not "a reasonable probability that, had the evidence been disclosed to the defense, the result[s] of the proceeding[s] would have been different." *Id.* at 1096 (citation omitted).[2]

**AFFIRMED.**

---

2. Shaw speculates that the prosecution would have dismissed his cases pursuant to a policy addressing Hoover's misconduct for cases pending in 1998. However, Shaw's speculation cannot serve as a basis for a *Brady* claim. *See Barker,* 423 F.3d at 1099 ("The mere possibility that an item of undisclosed information might have helped the defense, or might have affected the outcome of the trial, does not establish materiality in the constitutional sense.") (citation and internal quotation marks omitted).

